# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ANITRA DESHEA JENKINS, | Case No. 18-cv-3048 (WMW/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN NANETTE BARNES, | |
| Respondent. | |

Petitioner Anitra Deshea Jenkins pleaded guilty in the United States District Court for the Southern District of Texas to one count of bank robbery and one count of possession of a firearm in furtherance of a crime of violence (i.e., the bank robbery).  *See United States v. Jenkins*, No. 6:03-cr-0050 (S.D. Tex.).  Jenkins was sentenced to a 178-month term of imprisonment on the robbery count and a consecutive 84-month term of imprisonment on the possession count, for a total of 262 months' imprisonment.[1]  Jenkins has challenged her conviction and sentence on direct appeal, *see United States v. Jenkins*, 144 F. App'x 418 (5th Cir. 2005) (per curiam); in a motion for relief under 28 U.S.C. § 2255, *see Jenkins v. United States*, Nos. V-06-51, V-0G-52, 2008 WL 5095973 (S.D. Tex. Nov. 19, 2008); and in a petition for a writ of habeas corpus in this District, *see*

---

[1]    In a related case in the Southern District of Texas, Jenkins pleaded guilty to being a felon in possession of a firearm and was sentenced to a 120-month term of imprisonment concurrent with the 262-month term of imprisonment discussed above. *See United States v. Jenkins*, No. 6:03-cr-0075 (S.D. Tex.).  That conviction and sentence are not at issue in these proceedings.

1

*Jenkins v. Nicklin*, No. 15-cv-1981 (PAM/FLN), 2015 WL 3539247 (D. Minn. June 4, 2015), all unsuccessfully.

This matter is now before the Court on Jenkins' most recent petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]  In her petition, Jackson stated she was denied "due process" as the sole ground for relief.  (Dkt. No. 1 at 6.)  The Court ordered Jenkins to show cause why her petition should not be dismissed by filing a response that contained (1) a fuller description of Jenkins' claim (or claims) for relief, and (2) an explanation as to why Jenkins believes this Court has jurisdiction over her petition.  (Dkt. No. 3.)  In that response, Jenkins contends that her sentence is called into question by the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  (*See* Dkt. No. 4 at 3.)  Although the habeas petition remains not entirely clear in some respects, Jenkins appears to be raising two claims pursuant to *Dimaya*.  First, Jenkins was found at sentencing to be a career offender within the meaning of the United States Sentencing Guidelines, and the sentencing range recommended by the Guidelines for her robbery conviction was enhanced because of that finding.  *See Jenkins*, 144 F. App'x at 419.  The Court understands Jenkins to be arguing that *Dimaya* calls into question the validity of the career-offender enhancement as applied to her.  Second, Jenkins was convicted of having possessed a firearm during the course of a "crime of violence."  18 U.S.C.

---

[2]   Although Jenkins's petition is not governed by 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied to the petition.  *See* Rule 1(b).

§ 924(c)(1)(A). Jenkins argues that the term "crime of violence," as used in § 924(c)(1)(A), is too vague to comport with her due process rights in light of *Dimaya*, and that her conviction and sentence on that count should be vacated accordingly. (Dkt. No. 4 at 3.)

The Court lacks jurisdiction over these claims and therefore recommends dismissal of Jenkins' habeas petition without prejudice. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural

3

barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959.  Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive."  *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases).  At a minimum, the petitioner seeking to invoke the savings clause must show that she "had no earlier procedural opportunity to present [her] claims."  *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

Some, though not all, circuits have concluded that habeas corpus relief is appropriate where—as Jenkins argues is the case with respect to *Dimaya*—the petitioner relies on a new rule of statutory law made retroactive to cases on collateral review.  *See United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018); *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997); *but see McCarthan v. Director of Goodwill Industries–Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc) (rejecting prior savings clause jurisprudence); *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011).  But the Court need not determine in this case whether retroactive application of a new rule of statutory law is a sufficient basis to justify invocation of the savings clause, because *Dimaya* did not establish a rule of **statutory** law.  *Dimaya* declared the "residual clause" of 18 U.S.C. § 16(b) void for vagueness—that is, too arbitrary and indistinct to comport with the Constitution's guarantee of due process.  *See Dimaya*, 138 S. Ct. at

4

1212-13. In this respect (and in many others), *Dimaya* closely and expressly tracks the rule established by *Johnson v. United States*, 135 S. Ct. 2551 (2015), which itself was determined to be a new rule of constitutional law, not statutory law, *see Welch v. United States*, 136 S. Ct. 1257 (2016); *Russo v. United States*, 902 F.3d 880, 881 (8th Cir. 2018) ("[T]he Court in *Johnson* announced a new rule of constitutional law . . . ."). *Dimaya*, like *Johnson*, declared not that courts' previous understanding of the scope of the relevant statute was incorrect, but that the statute itself (or at least a portion thereof) was invalid on constitutional grounds. This is a constitutional holding, not a statutory holding. Thus, assuming that the other requirements of § 2255(h) are met[3]—the rule of *Dimaya* is "new," that rule applies retroactively to cases on collateral review, and so on—a litigant may present a *Dimaya* claim through a motion under § 2255 after receiving authorization from the appropriate court of appeals.

Put another way: Section 2255 is not an "inadequate or ineffective" procedural vehicle for Jenkins to raise claims under *Dimaya*. *See* 28 U.S.C. § 2255(e). Before seeking relief under § 2255, however, Jenkins must receive authorization from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h). This Court may neither authorize Jenkins' claims for further consideration under § 2255 nor examine those claims on the merits. Because Jenkins cannot satisfy the savings clause, her habeas petition must be

---

[3] The government has conceded in other litigation that a viable claim under *Dimaya* may be authorized under § 2255(h). *See In re Gordon*, No. 18-3449, 2018 WL 3954189 (6th Cir. Aug. 14, 2018) (per curiam); *Jackson v. Barnes*, No. 18-cv-1392 (DSD/ECW), Dkt. No. 9 (D. Minn. Aug. 3, 2018).

dismissed without prejudice for lack of jurisdiction.[4] Jenkins' application to proceed *in forma pauperis* may likewise be denied on account of the Court's lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDIC**E for lack of jurisdiction.

2. The application to proceed *in forma pauperis* of Petitioner Anitra Deshea Jenkins (Dkt. No. 2) be **DENIED**.

Dated: January 8, 2019     *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[4] Jenkins references 28 U.S.C. § 1361, which provides that a court shall, if it is in the interest of justice, transfer a civil action to any other such court in which the action or appeal could have been brought at the time it was filed or noticed. (Dkt. No. 4 at 3.) However, she did not request such transfer or explain why it would be in the interest of justice for the Court to do so.